**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSEPH L. WILLIAMS,

    Petitioner,

vs.                                          Case No. 3:12-cv-1264-J-37JBT
                                                   (Case No. 3:11-cr-204-J-37JBT)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This cause is before the Court on Petitioner's motion for hearing (Doc. 17), filed April 15, 2013. Upon consideration, the Court finds that Petitioner's motion is due to be granted.

**BACKGROUND**

On September 27, 2011, Petitioner pled guilty to one count of distribution of cocaine base. (Case No. 3:11-cr-204, Doc. 27.) On August 27, 2012, Petitioner was sentenced to 120 months of imprisonment. (Case No. 3:11-cr-204, Doc. 38.)

On November 19, 2012, Petitioner moved to vacate that sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Petitioner alleges ineffective assistance of counsel based on two grounds: (1) that he requested that his lawyer appeal his sentence of 120 months because he was promised a sentence of 60 months by his lawyer and the Government (*id.* at 4); and (2) that he was denied his right to argue against his status as a career offender, which enhanced his sentence range under the Guidelines (*id.* at 5).

No direct appeal was taken. Instead, his lawyer moved to withdraw as counsel

given the allegations made against him in the petition. (Case No. 3:11-cr-204, Doc. 43, ¶ 10.) Counsel submitted that he continued to be in contact with Petitioner following sentencing and that he was pursuing the Government's support for a motion to reduce Petitioner's sentence pursuant to Federal Rule of Criminal Procedure 35. (*Id.* ¶ 7.)

The Government subsequently moved to dismiss the petition, arguing that Petitioner waived his right to directly or collaterally appeal pursuant to his plea agreement and that his petition is therefore meritless. (Doc. 11, p. 8.) The Government noted that "to have pursued direct appeal would negate the cooperation previously provided by [Petitioner], breach the [Petitioner's] plea agreement, and foreclose the possibility of a reduction in sentence, all facts that [Petitioner's former] counsel well knew." (*Id.* at 9.)

The Court directed Petitioner to respond to the Government's motion to dismiss on or before Monday, April 29, 2013. (Doc. 15.) Petitioner has not yet done so. In the meantime, Petitioner has filed the instant motion for hearing. (Doc. 17.) In its motion to dismiss, the Government submitted that there was no need for a hearing because the record demonstrates that Petitioner is not entitled to relief. (Doc. 11, p. 11.)

**STANDARDS**

A court "shall . . . grant a prompt hearing" on a prisoner's motion to vacate a sentence, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989).

To determine whether a petitioner is entitled to relief from the ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's performance

2

was objectively unreasonable; and (2) the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). As to the first prong, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As to the second, counsel's unreasonable failure to appeal is presumptively prejudicial because it "deprives [a defendant] of a notice of appeal and, hence, an appeal altogether." *Id.* at 483.

The fact that a petitioner waived his rights to appeal pursuant to his plea agreement does not mean that his counsel is free to ignore his request to appeal—even if such an appeal would be futile. *See Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) (finding that the district court erred in dismissing a § 2255 petition without a hearing based on the fact that the petitioner signed an appeal waiver). Rather, the court must determine: (1) whether the petitioner expressly communicated to counsel his desire to appeal so as to trigger counsel's duty to appeal; and (2) if not, whether counsel properly consulted with the petitioner to determine the petitioner's wishes. *Id.* at 792–93. If the pleadings are insufficient to make this determination, the court must hold an evidentiary hearing on the matter. *Id.* at 792.

## DISCUSSION

Petitioner's allegations that he directed his counsel to appeal and that counsel disregarded this direction could—if true—establish a right to relief. As the record is insufficient to conclusively determine whether Petitioner actually directed his counsel to file a notice of appeal, the Court finds that an evidentiary hearing is warranted on this

claim.[1] Accordingly, Petitioner's motion for hearing is due to be granted.

In view of the above, the Court finds it appropriate to appoint counsel to represent Petitioner in this matter. As such, the Court also grants an extension of time for Petitioner to respond to the Government's pending motion to dismiss.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion for hearing (Doc. 17) is **GRANTED**.

2. Shawn A. Arnold, Esq.,[2] is appointed to represent Petitioner in this matter.

3. On Monday, **July 29, 2013**, at **10:00 a.m.**, a hearing on this matter shall be held before the undersigned in Courtroom 12C, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida.

4. On or before Friday, **May 24, 2013**, Petitioner is **DIRECTED** to respond to the Government's pending motion to dismiss (Doc. 11).

5. On or before Friday, **May 31, 2013**, Petitioner shall file a Pretrial Narrative Statement consisting of the following:

    a. A brief general statement of the case;

    b. A narrative written statement of the facts that will be demonstrated by the evidence that Petitioner intends to offer at the hearing;

    c. A list of all of the exhibits that Petitioner intends to offer into

---

[1] Pending the determination of this claim, the Court reserves ruling on the merits of Petitioner's other claim that he was denied the right to argue against his status as a career offender. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (noting that if a § 2255 motion seeking a direct appeal is granted, resolution of other collateral claims should be held in abeyance during the pendency of the reinstated direct appeal).

[2] Mr. Arnold is available by telephone at (904) 731-3800 and by mail at 6279 Dupont Station Court, Jacksonville, Florida 32217.

        evidence at the hearing; and

   d.    A list of the full names and addresses of places of employment for each of the witnesses that Petitioner intends to call at the hearing, and a summary of the anticipated testimony of each of those witnesses.

6.    On or before Friday, **June 14, 2013**, the Government shall file a Pretrial Narrative Statement consisting of the following:

   a.    A brief general statement of the case;

   b.    A narrative written statement of the facts that will be demonstrated by the evidence that the Government intends to offer at the hearing;

   c.    A list of all of the exhibits that the Government intends to offer into evidence at the hearing; and

   d.    A list of the full names and addresses of places of employment for each of the witnesses that the Government intends to call at the hearing, and a summary of the anticipated testimony of each of those witnesses.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on April 26, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party

Appointed Counsel